UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robin Chang, ) | |
| ) | Case No.: 2:14-cv-1411-GMN-CWH |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| CSAA General Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant CSAA General Insurance Company. Plaintiff Robin Chang filed a Response, (ECF No. 10), to which Defendant replied, (ECF No. 12).

I. **BACKGROUND**

This case arises out of Defendant's alleged refusal to pay benefits under an uninsured motorist policy ("UIM" Policy) held by Plaintiff.

Specifically, the First Amended Complaint states that Plaintiff suffered extensive injuries when he was struck by a vehicle while riding a bicycle on February 27, 2012. (Am. Compl. ¶¶ 7-11, ECF No. 1-2). On May 29, 2012, Geico Claims Insurance Company, which insured the alleged tortfeasor, tendered its policy limits of $15,000 to Plaintiff. (*Id.* at ¶ 12). On January 11, 2013, Plaintiff submitted a demand letter to Defendant, requesting payment of the full $250,000 UIM policy limit. (*Id.* at ¶ 15).

On February 13, 2013, Defendant declined to pay the full UIM policy limit, and instead allegedly offered to pay $88,000 in "new money" to settle Plaintiff's claim. (*Id.* at ¶ 16). After Plaintiff rejected this offer, Defendant requested that Plaintiff undergo a medical examination by a doctor of Defendant's choosing in order to assess the value of Plaintiff's claim. (*Id.* at ¶

18). After the examination took place, Defendant allegedly offered to settle Plaintiff's claim for "$35,000.00 new money." (*Id.* at ¶ 19).

On February 25, 2013, Plaintiff alleges that he supplemented his demand with a "medical recommendation for surgery and a future cost estimate of $131,400.00." (*Id.* at ¶ 20). Nevertheless, Defendant refused to exceed its prior "$35,000.00 new money offer." (*Id.* at ¶ 21).

In response to Defendant's refusal to pay the requested sum, Plaintiff filed the instant action in Nevada state court. *See* (Am. Compl., ECF No. 1-2). The Amended Complaint sets forth three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violations of the Nevada Unfair Claims Practices Act. (*Id.* at ¶¶ 22-37). Based on these claims, Plaintiff seeks general damages in excess of $10,000, punitive damages in excess of $10,000, an unspecified amount in special damages, and attorneys' fees. (*Id.* at 9:1-13).

On August 29, 2014, Defendant removed the action to this Court. (Pet. For Removal, ECF No. 1). Thereafter, Defendant filed the instant Motion, seeking the dismissal of Plaintiff's claims for violations of the Nevada Unfair Claims Practices Act and his request for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

In the instant Motion, Defendant argues that the Court should dismiss: (1) Plaintiff's claims arising under Nevada's Unfair Claims Practices Act and (2) Plaintiff's request for punitive damages. The Court will address each of these arguments in turn.

**A.   Violations of the Nevada Unfair Claims Practices Act**

Defendant argues that Plaintiff has failed to provide sufficient factual allegations to support his claims arising under the Nevada Unfair Claims Practices Act. The Nevada Unfair Claims Practices Act, codified at Section 686A.310 of the Nevada Revised Statutes, lists sixteen activities which constitute unfair practices in the insurance context.

In lieu of setting forth factual allegations to support Plaintiff's claims, the Amended Complaint asserts that Defendant committed violated the Nevada Unfair Claims Practices Act with a series of conclusory allegations that consist of nothing more than the language of each relevant subsection. For instance, Nev. Rev Stat § 686A.310(1)(e) prohibits an insurer from

"[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." In alleging his claim under this subsection, Plaintiff states only that Defendant "failed to effectuate a prompt, fair and equitable settlement of Plaintiff's claim even though liability was reasonably clear, as required by NRS 686A.310(1)(e)." (Am. Compl. ¶ 34, ECF No. 1-2). This type of cut-and-paste allegation is precisely what the Supreme Court held to be insufficient in *Iqbal* and *Twombly*.

Plaintiff's bald recitations of the various subsections of section 686A.310 fail to plausibly allege violations of the Nevada Unfair Claims Practices Act. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Therefore, the Court will dismiss Plaintiff's claims arising under the Nevada Unfair Claims Practices Act. As Plaintiff may be able to cure the defects in these claims through amendment, the dismissal will be without prejudice.

**B.  Punitive Damages**

Under Nevada law, punitive damages may be awarded only upon a showing that a defendant acted with oppression, fraud, or malice. *See, e.g.*, *D.R. Horton, Inc. v. Betsinger*, 335 P.3d 1230, 1232 (Nev. 2014) (citing Nev. Rev. Stat. § 42.005). As relevant to this determination, Section 42.001(2) of the Nevada Revised Statutes defines "fraud" as "an intentional misrepresentation, deception or concealment of a material fact known to [a] person with the intent to deprive another person of his or her rights or property or to otherwise injure another person." Nev. Rev. Stat. § 42.001(2). Section 42.001(3) defines "[m]alice, express or implied" as "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." Nev. Rev. Stat. § 42.001(3). Section 42.001(4) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." Nev. Rev. Stat. § 42.001(4).

In the instant case, the allegations in the Amended Complaint do not raise a plausible inference that Defendant acted with oppression, fraud, or malice. Indeed, Plaintiff's allegations indicate only that Defendant failed to tender the full amount to which Plaintiff believed he was entitled as a result of his injuries. (Am. Compl. ¶¶ 7-21). Accordingly, the Court will dismiss Plaintiff's request for punitive damages. However, as Plaintiff may be able to correct this deficiency through amendment, the dismissal will be without prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's third cause of action, alleging violations of the Nevada Unfair Claims Practices Act, and Plaintiff's request for punitive damages are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **April 15, 2015**, to file a Second Amended Complaint in this action. Failure to file by this deadline will result in **dismissal** of Plaintiff's third cause of action and request for punitive damages, **with prejudice**.

**DATED** this 30th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court